UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

UNITED STATES OF AMERICA,

        Plaintiff,

v.                                            Case No. 20-CR-141

JEREMIAH BELEN,

        Defendant.

## PLEA AGREEMENT

1. The United States of America, by its undersigned attorneys, and the defendant, Jeremiah Belen, individually and by attorney Anderson Gansner, pursuant to Rule 11 of the Federal Rules of Criminal Procedure, enter into the following plea agreement:

### THE CHARGE

2. The defendant has been charged in a single-count indictment with violating Title 18, United States Code, Section 39(A).

3. The defendant has read and fully understands the charge contained in the indictment. He fully understands the nature and elements of the crime with which he has been charged, and the charge and the terms and conditions of the plea agreement have been fully explained to him by his attorney.

4. The defendant voluntarily agrees to plead guilty to the following charge set forth in full as follows:

THE GRAND JURY CHARGES THAT:

On or about June 7, 2020, in the State and Eastern District of Wisconsin,

**JEREMIAH BELEN**

knowingly aimed the beam of a laser pointer at an aircraft in the special aircraft jurisdiction of the United States and at the flight path of such aircraft.

All in violation of Title 18, United States Code, Section 39A.

5. The defendant acknowledges, understands, and agrees that he is, in fact, guilty of the offense described in paragraph 4. The parties acknowledge and understand that if this case were to proceed to trial, the government would be able to prove the facts in Attachment A beyond a reasonable doubt. The defendant admits that these facts are true and correct and establish his guilt beyond a reasonable doubt. This information is provided for the purpose of setting forth a factual basis for the plea of guilty. It is not a full recitation of the defendant's knowledge of, or participation in, the offense.

## PENALTIES

6. The parties understand and agree that the offense to which the defendant will enter a plea of guilty carries the following maximum term of imprisonment and fine: 5 years' imprisonment and $250,000. Each count also carries a mandatory special assessment of $100, and a maximum of three years of supervised release.

7. The defendant acknowledges, understands, and agrees that he has discussed the relevant statutes as well as the applicable sentencing guidelines with his attorney.

2

## ELEMENTS

8. The parties understand and agree that in order to sustain the charge of aiming a laser pointer at an aircraft in the special aircraft jurisdiction of the United States, as set forth in the Indictment, the government must prove each of the following propositions beyond a reasonable doubt:

> <u>First</u>, defendant knowingly aimed the beam of a laser pointer at an aircraft or its flight path; and
>
> <u>Second</u>, at the time of the charged act, the aircraft was in the special aircraft jurisdiction of the United States.

## SENTENCING PROVISIONS

9. The parties agree to waive the time limits in Fed. R. Crim. P. 32 relating to the presentence report, including that the presentence report be disclosed not less than 35 days before the sentencing hearing, in favor of a schedule for disclosure, and the filing of any objections, to be established by the court at the change of plea hearing.

10. The parties acknowledge, understand, and agree that any sentence imposed by the court will be pursuant to the Sentencing Reform Act, and that the court will give due regard to the Sentencing Guidelines when sentencing the defendant.

11. The parties acknowledge and agree that they have discussed all of the Sentencing Guidelines provisions which they believe to be applicable to the offense set forth in paragraph 4. The defendant acknowledges and agrees that his attorney in turn has discussed the applicable Sentencing Guidelines provisions with him to the defendant's satisfaction.

12. The parties acknowledge and understand that prior to sentencing the United States Probation Office will conduct its own investigation of the defendant's criminal history. The parties further acknowledge and understand that, at the time the defendant enters a guilty plea, the parties may not have full and complete information regarding the defendant's criminal

3

history. The parties acknowledge, understand, and agree that the defendant may not move to withdraw the guilty plea solely as a result of the sentencing court's determination of the defendant's criminal history.

## Sentencing Guidelines Calculations

13. The defendant acknowledges and understands that the Sentencing Guidelines recommendations contained in this agreement do not create any right to be sentenced within any particular sentence range, and that the court may impose a reasonable sentence above or below the guideline range. The parties further understand and agree that if the defendant has provided false, incomplete, or inaccurate information that affects such calculations, the government is not bound to make the recommendations contained in this agreement.

## Relevant Conduct

14. The parties acknowledge, understand, and agree that pursuant to United States Sentencing Guidelines Manual § 1B1.3, the sentencing judge may consider relevant conduct in calculating the Sentencing Guidelines range, even if the relevant conduct is not the subject of the offense to which the defendant is pleading guilty.

## Base Offense Level

15. The parties agree to recommend to the sentencing court that the applicable base offense level for the offense charged in the Indictment is 9, pursuant to United States Sentencing Guidelines Manual § 2A5.2(a)(4).

## Acceptance of Responsibility

16. The government agrees to recommend a two-level decrease for acceptance of responsibility as authorized by Sentencing Guidelines Manual § 3E1.1(a), but only if the defendant exhibits conduct consistent with the acceptance of responsibility. The defendant acknowledges, understands, and agrees that conduct consistent with the acceptance of

4

responsibility includes but is not limited to the defendant's voluntary identification and disclosure to the government of any and all actual or potential victims of the offense or any related conduct prior to sentencing.

## Sentencing Recommendations

17. Both parties reserve the right to provide the district court and the probation office with any and all information which might be pertinent to the sentencing process, including but not limited to any and all conduct related to the offense of conviction as well as any and all matters which might constitute aggravating or mitigating sentencing factors.

18. Both parties reserve the right to make any recommendation regarding any and all factors pertinent to the determination of the Sentencing Guideline range; the amount of restitution and the terms and condition of its payment; the length of supervised release and the terms and conditions of the release; the defendant's custodial status pending the sentencing; and any other matters not specifically addressed by this agreement.

19. The government agrees that its sentencing recommendation to the court in this matter will not include a term of imprisonment.

## Court's Determinations at Sentencing

20. The parties acknowledge, understand, and agree that neither the sentencing court nor the United States Probation Office is a party to or bound by this agreement. The United States Probation Office will make its own recommendations to the sentencing court. The sentencing court will make its own determinations regarding any and all issues relating to the imposition of sentence and may impose any sentence authorized by law up to the maximum penalties set forth in paragraph 7 above. The parties further understand that the sentencing court will be guided by the sentencing guidelines but will not be bound by the sentencing guidelines and may impose a reasonable sentence above or below the calculated guideline range.

21. The parties acknowledge, understand, and agree that the defendant may not move to withdraw the guilty plea solely as a result of the sentence imposed by the court.

**FINANCIAL MATTERS**

22. The defendant acknowledges and understands that any and all financial obligations imposed by the sentencing court are due and payable in full upon entry of the judgment of conviction. The defendant further understands that any payment schedule imposed by the sentencing court shall be the minimum the defendant is expected to pay and that the government's collection of any and all court imposed financial obligations is not limited to the payment schedule. The defendant agrees not to request any delay or stay in payment of any and all financial obligations. If the defendant is incarcerated, the defendant agrees to participate in the Bureau of Prisons' Inmate Financial Responsibility Program, regardless of whether the court specifically directs participation or imposes a schedule of payments.

23. The defendant agrees to provide to the Financial Litigation Unit (FLU) of the United States Attorney's Office, at least 30 days before sentencing, and also upon request of the FLU during any period of probation or supervised release imposed by the court, a complete and sworn financial statement on a form provided by the FLU and any documentation required by the form. The defendant further agrees, upon request of the FLU, whether made before or after sentencing, to promptly cooperate in the identification of assets in which the defendant has an interest, cooperate in the liquidation of any such assets, and participate in an asset deposition.

**Fine**

24. The parties agree to recommend to the sentencing court that no fine be imposed against the defendant as part of the instant case.

### Special Assessment

25. The defendant agrees to pay the special assessment in the amount of $100 prior to or at the time of sentencing.

### Restitution

26. The defendant agrees to pay restitution as ordered by the court. The defendant agrees to cooperate in efforts to collect any restitution obligation. The defendant understands that imposition or payment of restitution will not restrict or preclude the filing of any civil suit or administrative action.

### **DEFENDANT'S WAIVER OF RIGHTS**

27. In entering this agreement, the defendant acknowledges and understands that he surrenders any claims he may have raised in any pretrial motion, as well as certain rights which include the following:

   a. If the defendant persisted in a plea of not guilty to the charges against him, he would be entitled to a speedy and public trial by a court or jury. The defendant has a right to a jury trial. However, in order that the trial be conducted by the judge sitting without a jury, the defendant, the government and the judge all must agree that the trial be conducted by the judge without a jury.

   b. If the trial is a jury trial, the jury would be composed of twelve citizens selected at random. The defendant and his attorney would have a say in who the jurors would be by removing prospective jurors for cause where actual bias or other disqualification is shown, or without cause by exercising peremptory challenges. The jury would have to agree unanimously before it could return a verdict of guilty. The court would instruct the jury that the defendant is presumed innocent until such time, if ever, as the government establishes guilt by competent evidence to the satisfaction of the jury beyond a reasonable doubt.

   c. If the trial is held by the judge without a jury, the judge would find the facts and determine, after hearing all of the evidence, whether or not he was persuaded of defendant's guilt beyond a reasonable doubt.

   d. At such trial, whether by a judge or a jury, the government would be required to present witnesses and other evidence against the defendant. The defendant would be able to confront witnesses upon whose testimony the government is

7

Case 2:20-cr-00141-JPS   Filed 05/13/21   Page 7 of 13   Document 22

relying to obtain a conviction and he would have the right to cross-examine those witnesses. In turn the defendant could, but is not obligated to, present witnesses and other evidence on his own behalf. The defendant would be entitled to compulsory process to call witnesses.

e. At such trial, defendant would have a privilege against self-incrimination so that he could decline to testify and no inference of guilt could be drawn from his refusal to testify. If defendant desired to do so, he could testify on his own behalf.

28. The defendant acknowledges and understands that by pleading guilty he is waiving all the rights set forth above. The defendant further acknowledges the fact that his attorney has explained these rights to him and the consequences of his waiver of these rights. The defendant further acknowledges that as a part of the guilty plea hearing, the court may question the defendant under oath, on the record, and in the presence of counsel, about the offenses to which the defendant intends to plead guilty. The defendant further understands that the defendant's answers may later be used against the defendant in a prosecution for perjury or false statement.

29. The defendant acknowledges and understands that he will be adjudicated guilty of the offenses to which he will plead guilty and thereby may be deprived of certain rights, including but not limited to the right to vote, to hold public office, to serve on a jury, to possess firearms, and to be employed by a federally insured financial institution.

30. The defendant knowingly and voluntarily waives all claims he may have based upon the statute of limitations, the Speedy Trial Act, and the speedy trial provisions of the Sixth Amendment. The defendant agrees that any delay between the filing of this agreement and the entry of the defendant's guilty plea pursuant to this agreement constitutes excludable time under the Speedy Trial Act.

8

Case 2:20-cr-00141-JPS    Filed 05/13/21    Page 8 of 13    Document 22

### Further Civil or Administrative Action

31. The defendant acknowledges, understands, and agrees that the defendant has discussed with his attorney and understands that nothing contained in this agreement, including any attachment, is meant to limit the rights and authority of the United States of America or any other state or local government to take further civil, administrative, or regulatory action against the defendant, including but not limited to any listing and debarment proceedings to restrict rights and opportunities of the defendant to contract with or receive assistance, loans, and benefits from United States government agencies.

### GENERAL MATTERS

32. The parties acknowledge, understand, and agree that this agreement does not require the government to take, or not to take, any particular position in any post-conviction motion or appeal.

33. The parties acknowledge, understand, and agree that this plea agreement will be filed and become part of the public record in this case.

34. The parties acknowledge, understand, and agree that the United States Attorney's Office and the Department of Justice are free to notify any other local, state, or federal agency of the defendant's conviction.

35. The defendant understands that pursuant to the Victim and Witness Protection Act, the Justice for All Act, the Crime Victims' Rights Act, and regulations promulgated thereto by the Attorney General of the United States, the victim of a crime may make a statement describing the impact of the offense on the victim and further may make a recommendation regarding the sentence to be imposed. The defendant acknowledges and understands that comments and recommendations by a victim may be different from those of the parties to this agreement.

## EFFECT OF DEFENDANT'S BREACH OF PLEA AGREEMENT

36. The defendant acknowledges and understands if he violates any term of this agreement at any time, engages in any further criminal activity prior to sentencing, or fails to appear for sentencing, this agreement shall become null and void at the discretion of the government. The defendant further acknowledges and understands that the government's agreement to dismiss any charge is conditional upon final resolution of this matter. If this plea agreement is revoked or if the defendant's conviction ultimately is overturned, then the government retains the right to reinstate any and all dismissed charges and to file any and all charges which were not filed because of this agreement. The defendant hereby knowingly and voluntarily waives any defense based on the applicable statute of limitations for any charges filed against the defendant as a result of his breach of this agreement. The defendant understands, however, that the government may elect to proceed with the guilty plea and sentencing. If the defendant and his attorney have signed a proffer letter in connection with this case, then the defendant further acknowledges and understands that he continues to be subject to the terms of the proffer letter.

## VOLUNTARINESS OF DEFENDANT'S PLEA

37. The defendant acknowledges, understands, and agrees that he will plead guilty freely and voluntarily because he is in fact guilty of the offense charged in the Indictment. The defendant further acknowledges and agrees that no threats, promises, representations, or other inducements have been made, nor agreements reached, other than those set forth in this agreement, to induce the defendant to plead guilty.

10

Case 2:20-cr-00141-JPS   Filed 05/13/21   Page 10 of 13   Document 22

# ATTACHMENT A

Had this case proceeded to trial, the United States of America would have proven the following facts beyond a reasonable doubt. The information is provided for the purpose of setting forth a factual basis for the defendant's guilty plea. It is not a full recitation of the defendant's knowledge of, or participation in, these offenses.

***

On May 25, 2020, George Floyd was killed by law enforcement personnel in Minneapolis, Minnesota. His killing precipitated both peaceful protests and civil unrest throughout the nation, including Milwaukee. Law enforcement in Milwaukee engaged in a multi-faceted response to that civil unrest, to include monitoring and surveillance of the same.

To that end, from the late evening hours of June 3 to the early morning hours of June 4, 2020, law enforcement personnel associated with the Federal Bureau of Investigation ("FBI") were operating an FBI aircraft over Milwaukee, in the special aircraft jurisdiction of the United States. These individuals at that time observed a green laser targeting their aircraft from the ground, and they maneuvered their forward-looking infrared ("FLIR") camera to capture the origin of the laser. Using this system, law enforcement was able to observe the laser originating from one of three individuals located on the lower porch of a residence located on the northwest corner of N. 1st Street and W. Chambers Street, in Milwaukee.

On June 6, 2020, law enforcement officers travelled to this intersection during daylight hours and compared footage from the FLIR camera to the actual residence located at that intersection, confirming that they were consistent in appearance. The residence at issue had an address of 3001 N. 1st Street, Milwaukee, Wisconsin.

On the evening of June 7, 2020, law enforcement on the ground observed two separate vehicles parked near 3001 N. 1st Street, bearing the following Wisconsin license plates: 522YRB (which lists to a 2010 Mercury Milan, registered to defendant Jeremiah BELEN and his wife, MB); and ADR4012 (which lists to a red 2002 Audi A6, registered to defendant BELEN alone).

That same night, FBI personnel were once again operating an FBI aircraft over Milwaukee, in the special aircraft jurisdiction of the United States, when they observed a green laser targeting them. They once again maneuvered the FLIR camera to capture the origin of the laser. Using this system, law enforcement personnel were able to observe the laser emitting from one of two individuals located on the lower porch of the residence located at 3001 N. 1st Street. Law enforcement officers on the ground travelled to this address and subsequently observed an unidentified female and a male matching BELEN's description, both of whom were seen at separate times pointing a handheld object toward the sky. Both vehicles registered to BELEN were parked near the residence at this time.

Based on this evidence, law enforcement sought and obtained a warrant for BELEN's arrest on June 8, 2020. That same day, agents arrested BELEN and searched his residence, recovering his cell phone and a laser pointer (which emitted green light and qualified as a "laser pointer" under the statutory definition). Agents also interviewed both BELEN and his wife MB.

11

MB acknowledged that: (i) BELEN had previously purchased multiple green laser pointers; (ii) BELEN used these laser pointers to aim at things in the sky; and (iii) BELEN had pointed a laser pointer at "things in the sky" on June 7, 2020. MB specifically described how BELEN would use a telescope to observe aircraft in the sky, and then point his laser at them.

BELEN, in a post-arrest statement given after waiver of his *Miranda* rights, acknowledged firing his laser pointer in the sky the evening of June 7, 2020, at some sort of aircraft. BELEN initially stated that he believed in "UFO's" and did not understand that he was aiming his laser pointer at an aircraft. BELEN eventually acknowledged, however, that he understood that the objects in the sky that he had pointed his laser at on the evening of June 7 were traditional aircraft.

If this matter had proceeded to trial, law enforcement personnel who experienced these incidents would have explained that (1) pointing a laser pointer at an aircraft is dangerous, and (2) the particular incidents involving a laser pointer described herein detracted from the execution of their law enforcement mission around those same times.

## ACKNOWLEDGMENTS

I am the defendant. I am entering into this plea agreement freely and voluntarily. I am not now on or under the influence of any drug, medication, alcohol, or other intoxicant or depressant, whether or not prescribed by a physician, which would impair my ability to understand the terms and conditions of this agreement. My attorney has reviewed every part of this agreement with me and has advised me of the implications of the sentencing guidelines. I have discussed all aspects of this case with my attorney and I am satisfied that my attorney has provided effective assistance of counsel.

Date: 5/11/21

JEREMIAH BELEN
Defendant

I am the defendant's attorney. I carefully have reviewed every part of this agreement with the defendant. To my knowledge, my client's decision to enter into this agreement is an informed and voluntary one.

Date: 5/11/21

ANDERSON GANSNER
Attorney for Defendant

For the United States of America:

Date: 5/13/2021

for RICHARD G. FROHLING
Acting United States Attorney

Date: 5/13/21

KEVIN C. KNIGHT
Assistant United States Attorney